IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JARRED DAHL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| SITEPRO RENTALS, INC., and | § | |
| JLG INDUSTRIES INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Plaintiff, JARRED DAHL (hereinafter "Plaintiff"), and files this Complaint against Defendants SITEPRO RENTALS, INC., and JLG INDUSTRIES INC., and for cause of action would respectfully show as follows:

## I.    PARTIES

1.  Plaintiff Jarred Dahl is an individual residing in Abilene, Taylor County, Texas.

2.  Defendant SITEPRO RENTALS, INC. is a foreign for-profit corporation organized under the laws of the State of Delaware and authorized to do business in the State of Texas. It may be served through its registered agent, Cheryl M. Gosch, at 5949 Sherry Lane, Suite 1900, Dallas, Texas 75225, or wherever she may be found.

3.  Defendant JLG INDUSTRIES INC. is a foreign corporation organized under the laws of the State of Pennsylvania and authorized to do business in Texas. It may be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.    JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states.

5.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.    FACTS

6.  On or about September 6, 2024, Plaintiff rented a towable boom lift from Defendant SitePro Rentals, Inc. for use in his landscaping business, Veteran LawnScapes.

7.  Upon receipt and during the operation of the equipment, Plaintiff discovered that the stabilizing mechanisms were defective, creating instability during use. Additionally, the brakes malfunctioned, causing the boom lift to roll uncontrollably.

8.  While attempting to prevent further damage or hazard, Plaintiff used his body to stop the equipment, resulting in serious bodily injuries.

## IV.    CAUSES OF ACTION

**Count 1: Negligence Against SitePro Rentals, Inc.**

9.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

10. Defendant SitePro Rentals, Inc. owed a duty of care to ensure that the equipment it rents to customers is safe, properly inspected, and free from defects.

11. Defendant breached this duty by:

    a.   Failing to properly inspect and maintain the boom lift;

    b.   Providing equipment with defective stabilizing mechanisms; and

c.   Renting out equipment with malfunctioning brakes.

12. As a direct and proximate result of Defendant's breach of duty, Plaintiff suffered severe injuries.

**Count 2: Negligence and Product Liability Against JLG Industries, Inc.**

13. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

14. Defendant JLG Industries, Inc., as the manufacturer of the towable boom lift, owed a duty to design, manufacture, and distribute equipment free from defects and reasonably safe for its intended use.

15. Defendant breached this duty by:

a. Designing and manufacturing equipment with defective stabilizing mechanisms;

b. Failing to implement adequate quality control measures to ensure the safety of its products; and

c. Failing to provide adequate warnings or instructions regarding the potential for instability and brake malfunctions.

16. As a direct and proximate result of Defendant's breach, Plaintiff suffered severe injuries.

## V.    DAMAGES

17. As a direct and proximate result of the Defendants' negligence, Plaintiff has sustained damages including but not limited to:

a. Medical expenses incurred in the past and reasonably expected to be incurred in the future;

b. Physical pain and suffering in the past and reasonably expected in the future;

c. Mental anguish in the past and reasonably expected in the future;

d. Lost wages and loss of earning capacity;

e. Physical disfigurement and impairment in the past and reasonably expected in the future.

18. Plaintiff seeks monetary relief in excess of $250,000 but not more than $1,000,000, exclusive of interest and costs.

## VI. JURY DEMAND

19. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff have judgment against Defendants for:

a. Actual damages;

b. Pre-judgment and post-judgment interest as allowed by law;

c. Costs of suit; and

d. Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Chaile Allen

_____
Chaile M. Allen
State Bar No. 24093841
chaile@chaileallenlaw.com
The Law Firm of Chaile Allen, PLLC
508 Mulberry
Abilene, Texas 79601
(325) 670-9282